UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.            CASE NO: 8:20-cr-40-T-24CPT

RICARDO LOPEZ VARGAS

**DEFENDANT RICARDO LOPEZ VARGAS'
SENTENCING MEMORANDUM AND MOTION FOR VARIANCE**

Defendant, Ricardo Lopez Vargas, through counsel, hereby files this Sentencing Memorandum in advance of his sentencing on September 15, 2020, and respectfully moves for a variance from the United States Sentencing Guidelines. Mr. Lopez Vargas pleaded guilty to Count I of the Indictment, charging conspiracy to possess with the intent to distribute five (5) kilograms or more of a controlled substance, while onboard a vessel subject to the jurisdiction of the United States, in violation of Title 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii).

## I. INTRODUCTION

Mr. Lopez Vargas is scheduled for sentencing before this Honorable Court on September 15, 2020. The Presentence Report ("PSR") as calculated results in a guideline score of 33, with a guideline range of 135 to 168 months of imprisonment. Mr. Lopez Vargas has no criminal history, rendering his criminal history score a category of 1.

## II. PERSONAL BACKGROUND AND RELEVANT HISTORY

Mr. Lopez Vargas is a citizen of Mexico, born to working class parents. While his biological father and mother were married at the time of his birth, any traditional family structure did not last. Mr. Lopez Vargas has no relationship with his biological father and is not close with his biological mother. He is registered (recognized by law) by his stepfather, whom he considers his father. Mr. Lopez Vargas was raised by his maternal grandparents, who gave him love, provided for his basic needs with what little resources they had, and taught him to work. His grandmother currently has a pacemaker, is sick, and has prescribed medication that the family cannot afford. Mr. Lopez Vargas provided for his grandparents financially while he was in Mexico, and they emotionally support him. Mr. Lopez Vargas is unmarried but has three children that he also works to provide for. He has three minor children under the age of 5. His 5-year-old is affected by his absence, and his 3-year-old thinks that he is out of the country on a fishing trip. He is thankful that all of his children are healthy.

In order to provide for his family, Mr. Lopez Vargas began life as a fisherman at the age of 12. He worked as a fisherman up until he was arrested and charged in this case, making around 1,000 pesos (about $45) daily. The money that he earned was dispersed amongst his grandparents and children. Despite his ability to provide for his family, Mr. Lopez Vargas' success never rose above the level of providing basic economic needs, such as food, clothing, and shelter. While he attended school, until the eighth grade in Mexico, Mr. Lopez Vargas was bullied often for being poor

and for not being raised by his biological parents. At lunchtime, other children would bully him and throw food. Despite an offer from his stepfather to move schools, he was not allowed to switch school, because Mr. Lopez Vargas' stepfather is not biologically related to him. This led to Mr. Lopez Vargas suffering and deciding to discontinue his education, although his desire was to complete his education. Since then, Mr. Lopez Vargas has had to work to survive. He has never lived in a living environment that could be described as luxurious and planned to use any proceeds from his criminal activity to support his grandparents and children.

**SENTENCING GUIDELINES**

The PSR, applying the 2018 Guidelines Manual, calculated a total offense level of 33 resulting in an advisory range of 135-168 months of incarceration. Mr. Lopez Vargas' criminal history category is one. He received a two-level reduction for special offense characteristics, a two-level reduction for acceptance of responsibility, and a one-level reduction for assisting authorities in the investigation or prosecution of his own conduct.

**III. MOTION FOR VARIANCE**

Due to Mr. Lopez Vargas' personal history and circumstances, he respectfully requests that this Court impose a sentence below his advisory guideline range. As this Honorable Court is well aware, a United States District Court is no longer limited by the guidelines since the matrix is merely considered advisory. *United States v. Booker*, 543 U.S. 220, 245-267 (2005). The United States Supreme Court in Booker gave judges the flexibility to use the sentencing range produced by the Guidelines as

a "starting point" or "initial bench mark." *Gall v. United States*, 552 U.S. 38, 49 (2007).

Moreover, in *United States v. Talley*, 431 F.3d 784 (11th Cir. 2005), the Eleventh Circuit adopted a two-step procedure that district courts should follow when fashioning a sentence in the post-Booker, advisory Sentencing Guidelines era. "First, the district court must consult the Guidelines and correctly calculate the range provided by the Guidelines." *Id.* at 786. Second, the district court must consider the following ten factors: 1) the nature and circumstances of the offense and the history and characteristics of the defendant; 2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 3) the need for deterrence; 4) the need to protect the public; 5) the need to provide the defendant with needed educational and vocational training or medical care; 6) the kinds of sentences available; 7) the Sentencing Guidelines range; 8) pertinent policy statements of the Sentencing Commission; 9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to the victims. *Id.* See also 18 U.S.C. §3553(a). "The weight to be accorded any given §3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Williams*, 456 F.3d 1353, 1363 (11th Cir. 2006).

In the immediate case, Mr. Lopez Vargas cooperated in the investigation and was truthful in his discussions with law enforcement. Mr. Lopez Vargas took responsibility for his actions and pleaded guilty to Count One of the Indictment. Also, it is appropriate, and counsel for Mr. Lopez Vargas requests, a downward

variance pursuant to the defendant's family ties and responsibilities. Mr. Lopez Vargas was the major financial source of income for his family, and since his arrest their quality of life and emotional health has suffered due to their loss of his income. A lengthy sentence of imprisonment will cause a substantial, direct, and specific loss of essential financial support to Mr. Lopez Vargas' family.

While it does not justify Mr. Lopez Vargas' role in the conspiracy, the quality of life experienced due to extreme poverty and a broken family in Mexico does provide perspective to Mr. Lopez Vargas' actions and inherent need to support his family financially as one of the sole sources of financial income. His background in poverty serves as the impetus for his criminal activity, and Mr. Lopez Vargas' motivation to become involved in the drug trafficking conspiracy was a direct result of needing to provide financially. Should Mr. Lopez Vargas be sentenced to a term of imprisonment, he would like to earn a General Education Diploma, and learn English as a second language. Post incarceration, he wants to reunite with his children to make up for lost time, meet his newborn, and secure employment.

## IV.   CONCLUSION

Mr. Lopez Vargas respectfully requests this Honorable Court grant his motion for a variance. Based on the circumstances set forth above, it is respectfully suggested that this Honorable Court impose a sentence below the sentencing guideline range.

DATED this 15th day of September 2020.

Respectfully submitted,

*/s/ Rebecca L. Castaneda*
Rebecca L. Castaneda
Florida Bar No. 1007926
rc@attorneyrebeccacastaneda.com
The Castaneda Law Firm PLLC
506 N. Armenia Avenue
Tampa, Florida 33609-1703

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed on September 15, 2020, with the Clerk of the Court using the CM/ECF system which will automatically transmit an electronic copy to: Assistant United States Attorney Diego Fontes Novaes.

By: */s/ Rebecca L. Castaneda*
Rebecca L. Castaneda
Florida Bar No. 1007926
rc@attorneyrebeccacastaneda.com
The Castaneda Law Firm PLLC
506 N. Armenia Avenue
Tampa, Florida 33609-1703